**Helen GRIFFITH, Plaintiff–Appellant,**

v.

**Pat GALLAGHER, RN, Tom Uttaro, Vivian Leahy, Ms., Defendants,**

Dora Kearsley, Ms., New York State Department of Civil Service, G. Alter, Joel Schwartz, Mr., Marcy Schiowitz, Ms., Public Employees Federation, AFL–CIO, Civil Service Employees Association, Inc., Local 1000 AFSCME, AFL–CIO, Defendants–Appellees.

Docket No. 01–7926.

United States Court of Appeals, Second Circuit.

April 25, 2002.

Helen Griffith, pro se, Ozone Park, NY, for Appellant.

Nancy E. Hoffman, Albany, NY, for Appellees Civil Service Employees Association, Schwartz and Schiowitz.

Oren L. Zeve, Assistant Solicitor General of Counsel, New York, NY; Eliot Spitzer, Attorney General of the State of New York, and Marion R. Buchbinder, Assistant Solicitor General of Counsel, on the brief, for Appellees New York State Department of Civil Service and G. Alter.

William P. Seamon, Albany, NY; Harold Eisenstein, on the brief, for Appellees Public Employees Federation, AFL–CIO, and Dora Kearsley.

Present OAKES, JACOBS and CALABRESI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiff–Appellant Helen Griffith appeals from an order entered in the United States District Court for the Eastern District of New York (McAvoy, *J.*) dismissing her complaint. The complaint asserts discrimination claims under (1) Title VII of the Civil Rights Act of 1964 ("Title VII"), (2) the Americans with Disabilities Act ("ADA"), and (3) the Age Discrimination in Employment Act ("ADEA"). We affirm because Griffith's claims are time-barred.

To sustain a claim for unlawful discrimination under Title VII, the ADA, or the ADEA, a plaintiff must file administrative charges with the EEOC within 300 days of the alleged discriminatory acts. *See* 42 U.S.C. § 2000e-5(e) (Title VII); 42 U.S.C. § 12117(ADA); 29 U.S.C. 626(d) (AEDA); *see also Flaherty v. Metromail Corp.*, 235 F.3d 133, 136 n. 1 (2d Cir.2000); *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993). Griffith filed her EEOC charge on August 11, 1999, more than 1350 days after the last documented incident of alleged discriminatory conduct occurred—i.e., Griffith's termination on November 15, 1995. We agree with the district court that the doctrines of equitable tolling and continuing violation are inapplicable to the facts of this case. We therefore affirm the district court's order.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.